IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEAN SHEFFLER, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ACTIVATE HEALTHCARE, LLC and EVERSIDE HEALTH, LLC,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-01206-SEB-TAB |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND EXPENSES, SERVICE AWARD, AND ENTRY OF FINAL ORDER AND JUDGMENT**

Plaintiff Sean Sheffler ("Plaintiff") and Defendants Activate Healthcare, LLC and Everside Health, LLC ("Defendants") entered in to a class action settlement on or about July 3, 2024 on behalf of themselves and the Settlement Class, defined as "all individuals notified that their SPI was potentially impacted in the Data Incident at issue in the CAC. Defendants' officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this Settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge."[1] On July 5, 2024, Plaintiff moved unopposed for preliminary approval of the class action settlement (ECF Nos. 44-45), which This Court granted on August 30, 2024. ECF No. 48. On January 9, 2025, Plaintiff moved unopposed for attorneys' fees, expenses, and a service award for Plaintiff. ECF No. 50. On January 10, 2025,

---

[1] Settlement Agreement ("SA"), filed July 5, 2024, ECF No. 45-1.

Plaintiff filed a corrected unopposed motion for attorneys' fees, expenses, and a service award for Plaintiff. ECF No. 51. On January 16, 2025, Plaintiff filed an unopposed motion for final approval of the class action settlement. ECF No. 53.

On January 29, 2025, This Court held a final approval and fairness hearing on Plaintiff's motion for attorneys' fees, expenses, and service award as well as for final approval of the class action settlement. The Court heard from both Parties at the hearing.

There were no objections to the class action settlement, and only seven Opt-Outs. Through the briefs, exhibits, and argument at the Final Approval Hearing, the Court has examined and considered the settlement and Settlement Agreement and the requests for attorneys' fees, expenses and service award. Having reviewed the motions and all related pleadings and filings, and having also heard the evidence and argument presented at the Final Approval Hearing, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

## FINAL ORDER AND JUDGMENT

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Settlement Class"):

> All individuals notified that their SPI was potentially impacted in the Data Incident at issue in the CAC. Defendants' officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this Settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

2. For the reasons stated in its amended order granting preliminary approval of the settlement (ECF No. 48) and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes:

    a. <u>Rule 23(a)(1) Numerosity</u>: The proposed Settlement Class is sufficiently numerous under Rule 23(a)(1) because the sensitive personal information of approximately 114,842 members of the Settlement Class were affected by the Data Incident.

    b. <u>Rule 23(a)(2) Commonality</u>: Resolution of the Litigation would depend on common answers to common questions such as whether Defendants adequately protected the sensitive personal information of patients and whether Defendants adequately provided notice of the Data Incident to those same patients

    c. <u>Rule 23(a)(3) Typicality</u>: Plaintiff's claims are typical of the claims of the members of the proposed Settlement Class, because they challenge the same conduct – Defendants' protection of patients' sensitive personal information and response to the Data Incident -- and make the same legal arguments. Typicality under Rule 23(a)(3) is likewise satisfied.

    d. <u>Rule 23(a)(4) Adequacy</u>: The proposed Settlement Class representatives and Settlement Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class.

    e. <u>Rule 23(b)(3) Predominance</u>: At least for purposes of settlement, the common issues in the Litigation predominate over individual issues under Rule 23(b)(3). Key elements of Plaintiff's claims are Defendants' protection of patient

sensitive personal information and Defendants' notifications to patients of the Data Incident.

  f. <u>Rule 23(b)(3) Superiority</u>: A class action is superior to many individual actions. The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through cash payments.

3. The Court hereby appoints Plaintiff Sean Sheffler as the Represenative of the Settlement Class and Carl V. Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC as Settlement Class Counsel.

4. The Court reaffirms the appointment of Analytics LLC as claims and settlement administrator.

5. Pursuant to the terms of the Settlement Agreement and the preliminary approval order, by September 30, 2024, the Settlement Administrator (1) launched the settlement website and (2) mailed the Court-approved Summary Notice to 114,482 Settlement Class members. The Settlement Administrator undertook reasonable efforts to confirm the address, an to resend notice, for any Settlement Class Members for which the Settlement Administrator received returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered. As set out in the Settlement Agreement, the Settlement Administrator filed a declaration with the Court on January 16, 2024, demonstrating compliance with the Court-approved notice program.

6. The Notice Program, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Settlement Class of (a) appropriate information about the nature of this lawsuit, including the class claims, issues, and defenses, and the essential terms of the Settlement

Agreement; (b) the definition of the Settlement Class; (c) appropriate information about, and means for obtaining additional information regarding, the lawsuit and the Settlement Agreement; (d) appropriate information about, and means for obtaining and submitting, a claim; (e) appropriate information about the right of Settlement Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement or objecting to Settlement Class Counsel's request for an award of attorneys' fees and expenses, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from or objecting to the Settlement; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.

7. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

8. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

9. The Court approves the payment to the Settlement Administrator of $91,242.00 from the Settlement Fund as requested in the preliminary and final approval motions.

10. At the Final Approval Hearing held on January 29, 2025, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement Agreement and the notice provided to Settlement Class Members, considering the

pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class.

11.     After thoroughly considering the briefing and arguments of the parties and considering the factors required by Rule 23 and the Seventh Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

12.     Specifically, the Court determines that (a) the Plaintiff and Settlement Class Counsel have adequately protected the Settlement Class; (b) the Settlement was negotiated at arm's- length; (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims, (iii) the terms of the proposed award of attorneys' fees, including the timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure; and (d) the Settlement treats Settlement Class Members equitably relative to each other because all members of the proposed Settlement Class are eligible for the same *pro rata* share of the Settlement Fund and Out-of-Pocket Loss reimbursement. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class-action mediator Bruce Friedman, Esq. and is non-collusive.

13.     The parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

14. There were no timely objections to the Settlement.

15. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class.

16. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

17. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Settlement Class Counsel requested $152,919.33 in attorneys' fees and $9,537.00 in expenses. The Court has reviewed the motion for fees and supporting documentation and no party or Settlement Class Member has opposed or objected to the requested fees and expenses. Class counsel have satisfied that they possess the skill required to perform the legal services properly. The Court determines that class counsel are highly experienced and bring particular expertise to the unique challenges of large-scale class action litigation. The Court finds the request supported and reasonable.

18. Settlement Class Counsel has also requested a Service Award in the amount of $5,000.00 to Plaintiff Sean Sheffler to be paid solely from the Settlement Fund. When courts evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). Here, Plaintiffs initiated litigation, participated in mediation, and negotiated an arms'-length Settlement Agreement that equally benefits thousands of Settlement Class Members who otherwise would not or may not receive any relief. The Court thus concludes that the requested Service Awards are appropriate for Plaintiff.

19. For the reasons stated above, the Court approves Settlement Class Counsel's requests for attorneys' fees, and expenses, and for a service award.

20. The Settlement Administrator has received seven requests for exclusion from Settlement Class Members. Each individual or entity that falls within the definition of the Settlement Class, excluding the seven Settlement Class Members who timely requested exclusion from the Settlement Class, shall therefore be and are bound by the terms of the Settlement.

21. The Court adjudges that in consideration of the settlement and as set forth in the Settlement Agreement, Plaintiff, on behalf of himself and all Settlement Class Members, Settlement Class Counsel, each of the Settlement Class Members and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance brokers of each of Plaintiff, Settlement Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class (the "Releasing Parties"), have forever fully, finally, completely, and unconditionally released, discharged, and acquitted Defendants and their past or present owners, parents, subsidiaries, divisions and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as Defendants' and these entities' respective predecessors, successors, directors, officers, shareholders, members, employees, servants, representatives, owners, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in the Litigation, other than any third-party Person who is found by a court of

competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge (the "Released Parties"), of and from any and all claims, whether known or unknown, including but not limited to, any claims, Unknown Claims, liability, rights, demands, suits, matters, obligations, damages, including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action of every kind and description, whether in law, in equity, for administrative relief, or otherwise, that the Releasing Parties had, have, or may have against Defendants and/or the Released Parties that result from, arise out of, are based upon, or relate in any way to the Data Incident, that were or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' sensitive personal information; (2) the maintenance and storage of Settlement Class Members' sensitive personal information; (3) Defendants' information security policies and practices; and Defendants' notice of the Data Incident to Settlement Class Members (the "Released Claims").

      22.    The Released Claims do not include the right of any Settlement Class Member or the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely and validly excluded themselves from the Settlement Class.

      23.    All Plaintiffs and Settlement Class Members have waived and relinquished all rights and benefits that they may have under or that may be conferred upon them by the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to

the fullest extent that they may lawfully waive such rights or benefits pertaining to their released claims.

24. This Settlement Agreement and the Final Order and Judgment shall be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the release described herein maintained by or on behalf of the Releasing Parties. Enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Settlement Class, including Plaintiff, all of whom are bound by all proceedings, orders, and judgments in the Litigation and are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims. Members of the Settlement Class who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

25. This Final Order and Judgment bars and permanently enjoins all members of the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (b) organizing Settlement Class Members that have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or

the Released Claims except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

27. If for any reason this judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, which shall not include any modification to an award of attorney's fees, expenses or to the Service Award, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Settling Parties shall return to their positions without prejudice in any way as provided for in the Settlement.

27. As set forth in the Settlement Agreement, the fact and terms of this Order and the Court's preliminary approval order, and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order, the Court's preliminary approval order and the Settlement Agreement, and any act performed or document signed in connection with this Order, the Court's preliminary approval order and the Settlement Agreement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission or evidence or be deemed to create any inference against any party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Defendants and/or the Released Parties to the Plaintiff, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this case; (iv) that Defendants agree that a litigation class may be properly certified in this case; (v) of any damages or lack of damages suffered by the Plaintiff, the Settlement Class, or anyone else; or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement or any other amount represents the amount that could or would have been recovered in the actions in this case if they

were not settled at this point in time. The fact and terms of this Order, the Court's preliminary approval order and the Settlement Agreement, all negotiations, discussions, drafts and proceedings in connection with this Order, the Court's preliminary approval order and the Settlement Agreement, including but not limited to the judgment and the release of the Released Claims provided for in the Settlement Agreement and any judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

28. The Court dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Litigation by Plaintiff, on behalf of himself, the Settlement Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

29. The Court has and retains personal jurisdiction over Plaintiff and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto. Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over (a) implementation of the Settlement Agreement; (b) all matters related to the administration and consummation of the Settlement Agreement; and (c) all parties for the purpose of implementing, enforcing, monitoring

compliance with, effectuating, administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.  The Court's supervisory jurisdiction over this Settlement shall in no event extend beyond one calendar year from the date of entry of this Order.  Any effort by a Party to enlist the Court in addressing any issue(s) must be made by motion.

30. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order and Judgment, and (b) do not limit the rights of the Parties or Settlement Class Members.

31. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

**IT IS SO ORDERED.**

Date: _____

_____
THE HONORABLE SARAH EVANS BARKER
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA